MARCO J. SORTILLON AND MARGARET A. SORTILLON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sortillon v. Commissioner
Docket No. 10105-79.
United States Tax Court
T.C. Memo 1981-4; 1981 Tax Ct. Memo LEXIS 740; 41 T.C.M. (CCH) 689; T.C.M. (RIA) 81004; January 5, 1981
*740 Marco J. Sortillon, pro se. Edgar G. Rios, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case is before us on petitioners' motion for summary judgment. Respondent filed an objection to the motioin and a memorandum of points and authorities in support of his motion. A hearing on the motion was held on February 25, 1980 at Los Angeles, California. The Commissioner determined a deficiency of $ 4,300.97 in petitioners' Federal income tax for their taxable year 1975, and assessed a negligence penalty of $ 215.05 for such year pursuant to section 6653(a) of the Internal Revenue Code of 1954. [1] Petitioners filed a petition with this Court on July 11, 1979 seeking a redetermination of the entire deficiency. On August 27, 1979, respondent filed his answer denying petitioners' assignments of error. On their joint tax return for taxable year 1975, petitioners reported adjusted gross income of $ 6,886, claimed itemized deductions of $ 1,084, and claimed dependency exemptions of $ 5,250 for seven children in addition to the two exemptions *741 for themselves. Respondent increased their adjusted gross income to $ 24,032 and disallowed the itemized deductions and the exemptions taken for the children. In their motion for summary judgment and supporting materials, petitioners appear to concede that petitioner Marco Sortillon received $ 24,032 of compensation from Fluor Engineering and Construction Corporation during 1975. Indeed, at the hearing on the motion, Marco stated that he received his wages in the form of checks which he termed "negotiable instruments." The facts governing the allowability of the claimed itemized deductions are in dispute, as are the age, student status, and income producing activities of the seven children. Petitioners' supporting affidavit (made by Marco) does not even mention the itemized deduction and states only that Marco provided food and lodging for his wife and the seven children. Even were this statement true, [2] it would not establish that petitioners were entitled to any dependency exemptions for 1975. *742 With regard to the negligence issue, the affidavit states that petitioners were not negligent in the filing of their 1975 return. This is a mere conclusion of law which does not resolve any factual issue with regard to the propriety of a negligence penalty for 1975. Summary judgment may be granted in favor of a party only if "there is no genuine issue as to any material fact and… a decision may be rendered as a matter of law." Rule 121(b), Tax Court Rules of Practice and Procedure. As there are still numerous factual disputes regarding all of the substantive issues in the case, petitioners are clearly not entitled to summary judgment. [3]
An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Respondent, in his objection to petitioners' motion, included an affidavit asserting that petitioners have produced no evidence that they had seven children which they supported in 1975.↩
3. Petitioners advance several meritless procedural and constitutional arguments in support of their motion, all of which are identical to those disposed of by Judge Dawson's opinion in a proceeding commenced by petitioner Marco Sortillon relating to his 1976 taxable year. T.C. Memo 1979-281↩. As genuine issues of fact continue to exist, in the instant case we need not consider these arguments a second time.